**ALD-259**                                                     **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 12-3021
_____

In Re: JOSEPH W. HIGGINS,
                              Petitioner

_____

On a Petition for Writ of Mandamus from the
United States District Court for the District of New Jersey
(Related to Civ. No. 3-11-cv-01821)

_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
August 16, 2012
Before:  SLOVITER, FISHER and WEIS, Circuit Judges
(Opinion filed: August 28, 2012)
_____

OPINION
_____

PER CURIAM.

Petitioner, Joseph W. Higgins, seeks a writ of mandamus compelling the District

Court to rule on his Motion for Default Judgment, which was filed in January 2012.  For

the following reasons, mandamus relief is not warranted.

Higgins filed a complaint alleging that he is the victim of a conspiracy of

"unlawful, intentional, willful and evil misconduct of retaliation" and invidious

discrimination at the hands of several state court judges, state court employees, and a

1

United States District Judge. The District Court dismissed the complaint on the basis of res judicata, because the same allegations, articulated in a separate complaint, had already been dismissed, and because absolute judicial immunity barred any additional claims against the United States District Court judge. On the same day as the order was entered, Higgins moved for default judgment as to all state defendants. In July, Higgins filed this mandamus petition seeking to compel a ruling on the motion, which remains pending.

Issuance of a writ of mandamus is proper in only extraordinary circumstances. In re Grand Jury, 680 F.3d 328, 340 (3d Cir. 2012). Its traditional purpose is "to confine an inferior court to a lawful exercise of its prescribed jurisdiction or to compel it to exercise its authority when it is its duty to do so." Roche v. Evaporated Milk Ass'n, 319 U.S. 21, 26 (1943). A petitioner must demonstrate a "clear and indisputable" right to the writ. Kerr v. United States Dist. Court, 426 U.S. 394, 403 (1976). While undue delay can amount to a failure to exercise jurisdiction, Madden v. Myers, 102 F.3d 74, 79 (3d Cir. 1996), it is plain from the District Court's docket that there has been no such undue delay in Higgins's case. We are confident that the District Court will issue a ruling on Higgins's motion in due course.

Accordingly, we will deny the mandamus petition.